IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALDRIKA BOYLE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BADER SCOTT INJURY LAWYERS, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Aldrika Boyle ("Plaintiff" or "Ms. Boyle"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendant Bader Scott Injury Lawyers d/b/a Bader Law ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the

1

Americans with Disabilities Act of 1990, as amended ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), and their implementing regulations.

2.

This is an action for unlawful discrimination based on sex and age, disability discrimination, FMLA interference and retaliation, and hostile work environment. Defendant subjected Plaintiff to disparate treatment, denied her reasonable accommodations, interfered with her FMLA rights, and ultimately terminated her employment in violation of federal law.

**JURISDICTION AND VENUE**

3.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(3)), the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.).

4.

The unlawful employment practices alleged in this Complaint were committed within the Northern District of Georgia, Atlanta Division. Defendant maintains its principal place of business at 3384 Peachtree Road NE, Suite 500,

Atlanta, GA 30326, and Plaintiff was employed by Defendant within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), venue is appropriate in this Court.

## PARTIES

5.

Plaintiff Aldrika Boyle is a 55-year-old female citizen of the United States and is subject to the jurisdiction of this Court. Ms. Boyle resides at 4209 Mistymorn Pt, Powder Springs, GA 30127.

6.

Ms. Boyle was employed by Defendant from January 26, 2023, through May 17, 2024, as Human Resources Manager and later as HR Compliance and Benefits Manager.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

During all times relevant hereto, Defendant has been a "person" engaged in an industry affecting commerce who has more than one hundred (100) employees

for each working day in each of twenty or more calendar weeks in 2023 and/or 2024 and continuing to the present.

9.

Defendant is therefore an "employer" as defined under Title VII in accordance with 42 U.S.C. § 2000e(b), the ADEA, the ADA, and the FMLA.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its principal place of business at 3384 Peachtree Road NE, Suite 500, Atlanta, GA 30326.

## FACTUAL ALLEGATIONS

11.

On January 26, 2023, Plaintiff began her employment with Defendant as Human Resources Manager.

12.

Plaintiff is a 55-year-old female with over 20 years of HR leadership experience and a Masters in Human Resources.

13.

Prior to Plaintiff's hiring, in November 2022, Defendant hired John Campbell, a male under 40 years old, as a recruiter despite his lack of knowledge in Human Resources.

14.

Throughout her employment, Plaintiff completed numerous significant projects including EEO-1 reporting ahead of deadline in both 2023 and 2024.

15.

Plaintiff conducted full staff audits that identified compliance issues including undocumented employees and expired visas.

16.

Plaintiff created and implemented proper FMLA processing and Special Accommodation Forms.

17.

Plaintiff managed successful open enrollment, fixed benefits enrollment issues, and ensured company compliance for 2024.

18.

Plaintiff was initially involved in Role Clarity process but was removed after a disagreement with Briant Hinton, Director of People/HR Director, over compensation analysis methodology.

19.

Plaintiff's project under Hinton and Campbell resulted in incorrect salaries and over-budget compensation.

20.

Defendant's mismanagement led to layoffs reducing staff from approximately 170 to 70 employees.

21.

In April 2023, Plaintiff experienced conflict with Hinton regarding the US Business Census, marking the beginning of discriminatory treatment.

22.

In May 2023, despite his lack of experience and several costly mistakes, John Campbell was promoted to Senior HR Generalist with a $10,000 raise.

23.

Plaintiff was required to train Campbell, who would later receive approximately $18,000 in raises within his first year of employment.

24.

In January 2024, during a zoom meeting with Seth Bader, the owner of Defendant company, she informed him that she had been notifying Hinton for over a month of their deadline to complete the US Census.

25.

Bader was not pleased because they could be fined for not completing the US Census.

26.

Plaintiff sent Bader several emails she sent to Hinton reminding him of their deadline to complete the US Census.

27.

Tanasha Whorton, Bader's executive assistant, was also on the zoom meeting and informed Hinton of everything Plaintiff shared with Bader.

28.

Following this, Hinton asked Plaintiff why she threw him under the bus.

29.

Hinton then began retaliating against Plaintiff by blocking her access to work systems, such as SHRM and ADP.

30.

In April 2024, Hinton placed Plaintiff on a Performance Improvement Plan (PIP), despite other employees not being subjected to PIPs for similar issues with "SMART Rocks".

31.

Defendant never provided Plaintiff with a copy of the PIP.

32.

Defendant did not upload the PIP to Plaintiff's dashboard in the ADP system for her to review.

33.

Defendant did not have bi-weekly one-on-one meetings with Plaintiff as part of the PIP.

34.

Defendant allowed Campbell to be present during Plaintiff's PIP meeting.

35.

Plaintiff was never written up by Defendant prior to the PIP.

36.

Plaintiff was never given a verbal warning by Defendant prior to the PIP.

37.

In April 2024, Defendant excluded Plaintiff from a Las Vegas leadership conference because "as the two oldest women in the firm, we don't see value in you attending," referring to Plaintiff and another black female employee over the age of 40, Karen Jeremie.

38.

On May 10, 2024, Plaintiff submitted FMLA paperwork for time off for her own medical condition.

39.

On the same day, she completed the company's EEO-1 reporting ahead of the deadline, demonstrating her continued commitment to her job responsibilities.

40.

On May 14, 2024, Plaintiff contracted COVID-19 and properly notified Defendant of her medical condition.

41.

On May 17, 2024, while Plaintiff was on medical leave to attend doctor's appointments and for COVID-19, Defendant terminated her employment via email.

42.

Throughout her employment, Plaintiff was subjected to discriminatory treatment based on her sex and age, with Hinton making statements like, "as the two oldest women in the firm, we don't see value in [Aldrika Boyle and Karen Jeremie]."

43.

Defendant's discriminatory intent is evidenced by its preferential treatment of younger male employees, particularly John Campbell, who received substantial raises and promotions despite lacking experience and making costly mistakes.

44.

Defendant's actions in terminating Plaintiff while she was on medical leave and shortly after requesting FMLA accommodation demonstrate discrimination based on disability and interference with her FMLA rights.

45.

Although Defendant purports to provide legitimate, non-discriminatory reasons for Plaintiff's termination, these reasons are pretextual and designed to mask the discriminatory nature of its actions.

46.

Defendant's discriminatory and retaliatory intent is further evidenced by:

a. Removing Plaintiff from the leadership team after she complained about discrimination;

b. Blocking her access to necessary work systems;

c. Requiring doctor's notes from Plaintiff when other employees were not required to provide them;

d. Placing Plaintiff on a PIP when others were not subjected to similar discipline for the same issues;

e. Excluding her from leadership conferences and meetings; and

f. Ultimately terminating her while on protected medical leave.

47.

Multiple witnesses, including current and former employees of Defendant, can attest to the discriminatory treatment Plaintiff experienced, the hostile work environment, and the retaliatory actions taken against her.

48.

As a direct result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered loss of income, emotional distress, and mental health treatment costs, among other damages.

# CLAIMS FOR RELIEF

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

49.

Plaintiff re-alleges paragraphs 11 through 35 as if fully set forth herein.

50.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment than male employees constitutes unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

51.

Defendant discriminated against Plaintiff by, among other things:

a. Promoting less qualified male employees, particularly John Campbell;

b. Providing substantial raises to male employees while denying similar opportunities to Plaintiff;

c. Requiring Plaintiff to train less experienced male employees who were given preferential treatment; and

d. Subjecting Plaintiff to heightened scrutiny and disparate discipline compared to male employees.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her sex.

53.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological, physical, and economic well-being.

54.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

55.

Plaintiff re-alleges paragraphs 11 through 33 as if fully set forth herein.

56.

At all relevant times, Plaintiff was over forty (40) years of age and thus a member of the protected class under the ADEA.

57.

Defendant discriminated against Plaintiff because of her age (55) in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., by:

a. Favoring younger employees for promotions and raises;

b. Subjecting Plaintiff to disparate treatment compared to younger employees;

c. Making discriminatory comments about older employees' value to the company; and

d. Ultimately terminating Plaintiff's employment while retaining younger, less qualified employees.

58.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and otherwise adversely affect her status as an employee because of her age.

59.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered lost wages, benefits, and other compensation, as well as emotional distress and mental anguish.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

60.

Plaintiff re-alleges paragraphs 11 through 33 as if fully set forth herein.

61.

Plaintiff was a qualified individual with a disability within the meaning of the ADA, as she suffered from a mental health condition that substantially limited one or more major life activities.

62.

Defendant discriminated against Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., by:

a. Failing to engage in the interactive process regarding her request for reasonable accommodation;

b. Denying her reasonable accommodation for her mental health condition;

c. Requiring excessive medical documentation not required of non-disabled employees; and

d. Terminating her employment because of her disability and/or need for accommodation.

63.

As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered damages including lost wages, benefits, and emotional distress.

## COUNT IV: INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

64.

Plaintiff re-alleges paragraphs 11 through 33 as if fully set forth herein.

65.

Plaintiff was an eligible employee under the FMLA and had a serious health condition that qualified for FMLA protection.

66.

Defendant interfered with Plaintiff's FMLA rights by:

a. Terminating her employment while she was on FMLA-qualifying leave;

b. Failing to properly notify her of her FMLA rights; and

c. Failing to properly process her FMLA request.

67.

Defendant retaliated against Plaintiff for exercising her FMLA rights by terminating her employment shortly after she requested FMLA leave.

68.

As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages including lost wages and benefits.

## COUNT V: RETALIATION IN VIOLATION OF TITLE VII, ADEA, AND ADA

69.

Plaintiff re-alleges paragraphs 11 through 33 as if fully set forth herein.

70.

Plaintiff engaged in protected activity by:

a. Reporting discrimination to Seth Bader in January 2024;

b. Requesting reasonable accommodation for her disability; and

c. Requesting FMLA leave.

71.

Following Plaintiff's protected activities, Defendant retaliated against her by:

a. Blocking her access to work systems;

b. Placing her on a Performance Improvement Plan;

c. Excluding her from leadership meetings and conferences;

d. Subjecting her to increased scrutiny and hostile treatment; and

e. Ultimately terminating her employment.

72.

There was a causal connection between Plaintiff's protected activities and the adverse employment actions taken against her.

73.

As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered damages including lost wages, benefits, and emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

(a) A trial by jury as to all triable issues of fact;

(b) Back pay and front pay, including all lost wages, salaries, bonuses, benefits, and other compensation in an amount to be proven at trial;

(c) Compensatory damages for emotional distress, mental anguish, and psychological harm;

(d) Medical expenses incurred for mental health treatment and COVID-19 related care;

(e) Liquidated damages under the ADEA and FMLA;

(f) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(g) Declaratory relief that Defendant has violated Plaintiff's rights under Title VII, ADEA, ADA, and FMLA;

(h) Injunctive relief ordering Defendant to implement policies and procedures to prevent future discrimination and retaliation;

(i) Reasonable attorney's fees and expenses of litigation;

(j) Prejudgment and post-judgment interest at the maximum rate allowed by law;

(k) Front pay in lieu of reinstatement; and

(l) All other relief to which she may be entitled.

Respectfully submitted this 23rd day of May 2025.

**BARRETT & FARAHANY**

s/ *Ianna Campbell*
Ianna Campbell
Georgia Bar No. 655153

*Counsel for Plaintiff Aldrika Boyle*

2921 Piedmont Road NE
Atlanta, GA 30305
(404) 214-0120
ianna@justiceatwork.com